UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | No. 3:06-CR-64 |
| V. | ) | (JARVIS/SHIRLEY) |
| | ) | |
| | ) | |
| KEITHAN HUNTER | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This matter came before the Court on October 3, 2006, for a scheduled motion hearing on Defendant Hunter's Motion For Severance Of Counts Of Indictment [Doc. 21], filed on August 3, 2006, and Defendant Hunters' Motion To Preclude Evidence Of Alleged Phone Calls [Doc. 26], filed on August 4, 2006. Assistant United States Attorney Tracee Plowell was present representing the government. Attorney Brian Hunt was present representing Defendant Hunter, who was also present.

**1. Motion For Severance Of Counts Of Indictment [Doc. 21]**

*a. Position of the Parties*

Defendant is charged along with Co-Defendant Luella Cobb in an eight-count indictment [Doc. 1], as follows:

1

**Count One** charges that, on or about December 24, 2004, Defendants Hunter and Cobb[1] engaged in counterfeiting.

**Counts Two through Five** charge that, on or about December 25, 2004, Defendant Hunter possessed with the intent to distribute five grams or more of a mixture and substance containing a detectable amount of cocaine base; possessed with intent to distribute cocaine hydrochloride; possessed a firearm in furtherance of a drug trafficking crime, namely the possession with intent to distribute cocaine base and cocaine hydrochloride; and that Defendant Hunter possessed various firearms, after having been convicted of crimes punishable by terms of imprisonment exceeding one year.

**Counts Six through Eight** charge that, on or about May 21, 2006, Defendant Hunter possessed with intent to distribute five grams or more of a mixture and substance containing a detectable amount of cocaine base; possessed a firearm in furtherance of a drug trafficking crime, namely the possession with intent to distribute cocaine base; possessed a firearm, after having been convicted of crimes punishable by terms of imprisonment exceeding one year.

In his motion [Doc. 21], Defendant Hunter moves the Court to sever Count One from the remaining counts of the Indictment and to sever Counts Six through Eight from the remaining counts of the Indictment. In the alternative, Defendant Hunter moves the Court to sever Counts One through Five from Counts Six through Eight of the Indictment. In support thereof, Defendant argues that: (1) pursuant to Rule 8(a) of the Federal Rules of Criminal Procedure, Count One is improperly joined with the remaining counts, (2) pursuant to Rule 14 of the Federal Rules of Criminal Procedure, Defendant would be severely and unfairly prejudiced by the introduction of gun and drug evidence in a trial in this case on counterfeiting, (3) Counts Six through Eight should be severed from the remaining counts because Defendant would like to testify in Counts Six through Eight, but

---

[1] On September 12, 2006, CoDefendant Luella Cobb entered a guilty plea as to Count One; sentencing is set for January 10, 2007.

needs to abstain from testifying in Count One and Counts Two through Five, and (4) evidence of Defendant's guilt in regards to Counts One through Five appears much weaker than the evidence in Counts Six through Eight and, thus, there is danger that there could be a "spill over" effect.

The government opposes [Doc. 29] Defendant's motion, indicating that on December [24], 2004, officers of the Knoxville Police Department responded to a call of two people passing counterfeit currency in the Dillard's store. Investigation revealed that Defendants Cobb and Hunter had passed counterfeit currency at both Knoxville Center and West Town Malls in Knoxville, Tennessee; officers recovered the counterfeit fifty dollar bills from the stores and from Defendants. On December 25, 2006, officers executed a state search warrant for Defendant Cobb and Hunter's residence. Pursuant to the warrant, the officers recovered twenty-eight counterfeit fifty dollar bills along with a quantity of cocaine, crack cocaine, marijuana, digital scales and firearms. At the October 3, 2006 hearing, the government argued that Counts One through Five are properly joined under Rule 8(a) because Count One is part of the same transaction as Counts Two through Five in that possession of the counterfeit currency on December 24, 2004, was the same basis for the search warrant which was executed the following day on December 25, 2004. It further argued that the evidence introduced at trial on Count One would quite clearly overlap with Counts Two through Five and, thus, these acts are connected and constitute parts of a common occurrence.

With regard to Counts Six through Eight, the government argued that these counts are likewise properly joined because, here, Defendant is charged with the same offenses (possession with intent to distribute cocaine base; possession of a firearm in furtherance of a drug trafficking crime; and possession of a firearm as a convicted felon) as charged in Counts Two through Five. The government further noted that the facts set forth in Counts Two through Five would also be

3

admissible with respect to Counts Six through Eight as 404(b) evidence to prove intent.

With regard to Defendant's argument that Defendant would be prejudiced by the joinder pursuant to Rule 14, the government argued that Defendant has failed, in his affidavit, to make a convincing showing that he has important testimony to give as to Counts Six through Eight, as well as a strong need to refrain from testifying as to Counts One through Five, and, thus, no basis exists to sever the counts. Finally, the government argued that this case is uncomplicated and possible "spillover" can easily be cured with a jury instruction, directing the jury to separately consider the evidence that relates to each charge and to return a separate verdict for each charge.

### *b. Analysis*

Rule 8(a) of the Federal Rules of Criminal Procedure sets forth the conditions under which multiple offenses may be joined in a single indictment. The Rule states:

> Two or more offenses may be charged in the same indictment or information in a separate count for each offense if the offenses charged, whether felonies or misdemeanors or both, are of the same or similar character or are based on the same act or transactions connected together or constituting parts of a common scheme or plan.

The "spirit" of Rule 8(a) is to "promote the goals of trial convenience and judicial economy." United States v. Graham, 275 F.3d 490, 512 (6th Cir. 2001). Thus, "Rule 8(a) does not require that all evidence relating to each charge be admissible in separate trials. Rather, when the joined counts are logically related, and there is a large area of overlapping proof, joinder is appropriate." United States v. Wirsing, 719 F.2d 859, 863 (6th Cir. 1983). However, even when joinder is appropriate under Rule 8(a), the Court, in its discretion, may grant the defendant a severance if it appears that the defendant is prejudiced by the joinder of the offenses. Fed.R.Crim.P. 14.

4

In this case, the Court finds that Counts One through Five are properly joined offenses. While Defendant Hunter is correct that Count One is not "of the same or similar character" as Charges Two through Five, the Court finds that Count One is nonetheless "based on the same act or transactions connected together or constituting parts of a common scheme or plan." More specifically, Defendant's possession of counterfeit currency on December 24, 2004, was the same basis for the search warrant which was executed the following day on December 25, 2005. Thus, the evidence introduced at trial on Count One would overlap with Counts Two through Five. Accordingly, Counts One through Five are properly joined under Rule 8(a).

The Court also finds that Counts Six through Eight are properly joined offenses because of the similarities these counts share with Counts Two through Five. In other words, the Court finds that Counts Six through Eight and Counts Two through Five are "of the same or similar character" pursuant to Rule 8(a). The Court would also note that at the October 3 hearing, defense counsel likewise agreed with the Court that Counts Six through Eight and Counts Two through Five, though allegedly committed on different dates, are relatively the same charges.

Rule 14 of the Federal Rules of Criminal Procedure provides for severance of separate counts of an indictment where the defendant can demonstrate that prejudice will result from a joint trial. Thus, Defendant may move to sever the counts, pursuant to Fed.R.Crim.P. 14, but he has the burden of establishing prejudice if the counts remain joined for trial. In this case, Defendant seeks severance of Counts Six through Eight from Counts One through Five, stating that he would like to testify in Counts Six through Eight, but needs to abstain from testifying in Count One and Counts Two through Five. Defendant, however, has failed to demonstrate, by affidavit [Doc. 21-2 ] or otherwise, that he had both important testimony to give concerning Counts Six through Eight

5

and a strong need to refrain from testifying as to the others. See United States v. Walden, 985 F.2d 562, 1993 WL 21137, *2 (6th Cir. 1993) (unpublished opinion). In other words, Defendant Hunter has only generally alleged prejudice from the inability to testify as to certain Counts and not the others. Accordingly, the Court finds that Defendant's "non-specific assertions of prejudice are insufficient to warrant severance under Rule 14." United States v. Bowker, 372 F.3d 365, 384-85 (6th Cir. 2004).

Finally, Defendant Hunter argues that the evidence in Counts One through Five is weaker than the evidence in Counts Six through Eight and that there is a danger of a "spillover" effect for the jury. In assessing the propriety of severance under Rule 14, the Court must balance the public's interest in avoiding multiple trials with the defendant's interest in a fair trial. United States v. Wirsing, *719 F.2d 859, 864-65 (6th Cir. 1983). In order to be entitled to a severance, a defendant* must show "substantial," "undue," or "compelling" prejudice. United States v. Lopez, 309 F.3d 966, 971 (6th Cir. 2002). Here, the Court finds that Defendant Hunter has failed to show that undue prejudice would result from a single trial. Furthermore, the Court finds that the evidence in this case is not so complex or confusing and that possible "spillover" can be cured with a jury instruction, directing the jury to separately consider the evidence that relates to each charge and to return a separate verdict for each charge. Thus, the Court finds that Defendant has failed to show that the prejudice from a single trial outweighs the public's interest in avoiding multiple trials.

Accordingly, Defendant Hunter's Motion For Severance Of Counts Of Indictment [**Doc. 21**] is **DENIED**.

## 2. Motion To Preclude Evidence Of Alleged Phone Calls [Doc. 26]

### *a. Position of the Parties*

In his motion [Doc. 26], Defendant Hunter moves the Court for an Order precluding the government, or any or its witnesses, from testifying about, referring to or in any way alluding to, one alleged phone call to law enforcement on December 28, 2004, and one alleged phone call to law enforcement on May 22, 2006, in which callers allegedly identified themselves as Keithan Hunter and made statements that could be interpreted as incriminating. Defendant argues that such alleged statements would lack authentication under Rule 901 of the Federal Rules of Evidence, and also any probative value of such evidence would be substantially outweighed by the danger of unfair prejudice, misleading the jury or confusion of issues, and should be excluded under Rule 403 of the Federal Rules of Evidence.

The government responds [Doc. 31] that both phone calls are relevant to proving knowledge and that the May, 2006 phone call also constitutes an admission. It argues that the probative value of such evidence outweighs any possible prejudice. Furthermore, it argues that both statements can be sufficiently authenticated under Rule 901 of the Federal Rules of Evidence through circumstantial evidence. Specifically, it contends that the self-identification of the of the caller coupled with the disclosure of knowledge of facts known particularly to the caller, the fact that the police recovered items from the residence and the truck, and the arrangements to surrender himself later that day, constitute sufficient circumstantial evidence to authenticate the calls.

### b. Analysis

Rule 901(a) of the Federal Rule of Evidence states that "[t]he requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims." At the October 3, 2006 hearing, the government proffered that, under Rule 901(b)(5), Sergeant Willis would testify at trial that he could identify Defendant's voice with regard to the call allegedly made by Defendant Hunter to Sergeant Willis's cell phone on May 22, 2006. The government also proffered that the December, 2004, phone call and statement would be sufficiently authenticated at trial by the supporting circumstantial evidence showing that the caller in question was in fact Defendant Hunter. Specifically, the government contended that the statement given by the caller included knowledge of facts known only to Defendant Hunter and Co-Defendant Cobb.

Based of the government's proffer, the Court finds that it cannot, at this time, rule that the phone calls and statements alleged to have been made in December, 2004 and May, 2006 would
lack authentication under Rule 901 of the Federal Rules of Evidence. Furthermore, the present case is set for trial before District Court Judge Jarvis, and thus, any on the record findings made pursuant to Rules 403 is a matter to be taken up at trial and in the context of the evidence admitted. This Court is not, however, ruling that such calls and statements are admissible, and the government will have to sufficiently authenticate them as a condition precedent to their admission into evidence.

Accordingly, Defendant Hunter's Motion To Preclude Evidence of Alleged Phone Calls [**Doc. 26**] is **DENIED**.

**IT IS SO ORDERED.**

ENTER:

   s/ C. Clifford Shirley, Jr.   
United States Magistrate Judge