IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 3:06-cr-64 |
| | ) | |
| KEITHAN HUNTER | ) | |

## **MEMORANDUM AND ORDER**

On November 2, 2006, the Honorable C. Clifford Shirley, Jr., United States Magistrate Judge, filed a 19-page Report and Recommendation (R&R) [Doc. 43] in which he recommended that defendant's motion to suppress [Doc. 23] be denied. Thus, Judge Shirley recommended that the crack cocaine and the Glock pistol seized from the defendant's vehicle on May 21, 2006, be admitted at trial.

This matter is presently before the court on defendant's timely and well-briefed objections to the R&R [Doc. 45], as well as the government's equally well-briefed response to those objections [*see* Doc. 46]. As required by 28 U.S.C. § 636(b)(1), the court has now undertaken a *de novo* review of those portions of the R&R to which defendant objects. After doing so, the court finds itself in complete agreement with Judge Shirley's thorough analysis of the legal issues arising from the

suppression hearing conducted by him on October 3, 2006. Consequently, it would serve no useful purpose to reanalyze all of the issues which, in the court's view, have been completely and correctly analyzed by Judge Shirley. Nevertheless, the court will make a couple of observations.

In his objections, defendant contends for the first time that any statements made by him to Officer Samuel Riveras of the Knoxville Police Department during their brief encounter must be suppressed because they were unlawfully obtained as the result of an illegal detention. However, defendant does not contend - nor does it appear that he could do so based on this record - that any statements he made to Officer Riveras were coerced or otherwise involuntary. As noted by Judge Shirley, "Officer Riveras's initial encounter with Defendant, as well as Riveras's request for identification, was a consensual encounter and does not implicate the Fourth Amendment." [Doc. 43, p.9]. Additionally, the court agrees with the government that the defendant has failed to make this issue the proper subject of a motion to suppress; thus, this court should not be addressing this issue, for the first time, in what is, in effect, an appeal format. *See generally Bendex Autolite Corp. v. Midwesco Enterprises, Inc.*, 820 F.2d 186, 189 (6th Cir. 1987); *United States v. Jerkins*, 871 F.2d 598, 602 n.3 (6th Cir. 1989) (In an appeals context, issues raised for the first time in a reply brief are not considered.). Consequently, defendant's objection on this basis must be overruled.

Second, the defendant argues that, contrary to Judge Shirley's finding, he was never free to leave and walk away because, when he actually attempted to do so, Officer Riveras ordered him to come back. It must be emphasized, however, that by the point in time in which defendant attempted to walk towards the Quick Mart store and away from Officer Riveras, the defendant had just given Officer Riveras permission to search his vehicle. Thus, the situation had evolved from a purely consensual encounter to one in which it was necessary for the defendant to stay put while his vehicle was being searched. However, instead of doing so, the defendant became nervous and agitated while Officer Riveras was waiting for backup to assist him with the search of the vehicle and then attempted to leave. Defendant's objection on this point improperly blurs the time frame of the rapidly evolving events on the day in question. Moreover, defendant has cited no case law which allows an individual, after freely giving his consent to a search of his vehicle, to then walk away from that vehicle. Defendant's objection on this basis must also be overruled.

Therefore, for the reasons foregoing, as well as the reasons articulated by Judge Shirley in his R&R, defendant's objections [Doc. 45] are hereby OVERRULED in their entirety whereby the R&R [Doc. 43] is ACCEPTED IN WHOLE. Accordingly, defendant's motion to suppress [Doc. 23] is DENIED so that

3

the court will allow the government to introduce at trial the crack cocaine and the Glock firearm seized from defendant's vehicle on May 21, 2006.

**E N T E R :**

<u>      *s/ James H. Jarvis*      </u>
UNITED STATES DISTRICT JUDGE