UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at KNOXVILLE

KEITHAN HUNTER, )
)
Petitioner, )
)
v. ) Nos.: 3:10-cv-343; 3:06-cr-64(1)
) *Jordan/ Shirley*
UNITED STATES OF AMERICA, )
)
Respondent. )

**MEMORANDUM OPINION**

Federal inmate Kethan Hunter brings this *pro se* motion to vacate, set aside, or correct a sentence under 28 U.S.C. § 2255, (Doc. 84).[1] Following his guilty plea, petitioner was convicted of one count of aiding and abetting counterfeiting, in violation of 18 U.S.C. §§ 472 and 2; two counts of possession with the intent to distribute 5 grams or more of cocaine base (crack), in violation of 21 U.S.C. § 841(a)(1); possession of a firearm in furtherance of a drug trafficking crime, a violation of 18 U.S.C. § 924(c)(1)(A)(1); and being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). His judgment of conviction, fixing a total effective sentence of 262 months imprisonment, was entered on March 30, 2007, (Doc. 60).

Recognizing that there was a problem with timeliness in connection with the motion, petitioner moved the Court to apply equitable tolling to his pleading, (Doc. 82). The United States was ordered to respond to petitioner's arguments and has done so, suggesting that he has

---

[1] All citations to the record refer to petitioner's criminal file.

shown no basis for equitable tolling to save his petition from § 2255(f)'s time bar.[2] Petitioner has replied to the government's response and, thus, this case is ripe for disposition.

## I. Statute of Limitations

Title 28 United States Code § 2255 provides, in pertinent part:

> (f) A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
>
> > (1) the date on which the judgment of conviction becomes final;
> >
> > . . .

By the terms of the statue, the one-year limitations period begins to run when the conviction becomes final. 28 U.S.C. § 2255(f)(1). Petitioner filed a direct appeal to the Sixth Circuit, which was denied, (Doc. 68, *Hunter v. United States*, Case No. 07-5439 (6th Cir. Aug. 25, 2008) (unpublished order)). He then petitioned the Supreme Court for a writ of certiorari, but on November 3, 2008, the writ likewise was denied. *Hunter v. United States*, 555 U.S. 1007 (2008). Thus, on that date, his conviction became final, and he would have had until November 4, 2009, to file his § 2255 motion.

Petitioner's § 2255 motion was filed in the Clerk's Office on August 12, 2010, but the certificate of service on the last page of his motion indicates that he mailed it on April 28, 2010, (Doc. 84 at 19). Though the certificate is not notarized or signed under penalty of

---

[2] Section § 2255(f) contains a one-year statute of limitations for filing motions to vacate,

perjury, *see* Fed. R. App. P. 4(c)(1), the Court will apply the "mailbox" rule and will consider the motion to have been filed on April 28, 2010. *In re Sims,* 111 F.3d 45, 47 (6th Cir. 1997) (*citing Houston v. Lack,* 487 U.S. 266, 270-71 (1988)). Consequently, because the statute of limitations expired on November 4, 2009, as to petitioner's § 2255 motion and because he did not file such a motion until April 28, 2010, it is clearly time-barred. Petitioner concedes that this is so, (Doc. 82, Motion to Request Equitable Tolling at 1), though he suggests that the equitable tolling doctrine rescues his case from the statutory time-bar.

## II. EQUITABLE TOLLING

Courts may review time-barred motions under the doctrine of equitable tolling provided "a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Robertson v. Simpson,* 624 F.3d 781, 783 (6th Cir. 2010) (internal citations omitted).

As explained by the Sixth Circuit, equitable tolling is governed by certain requirements:

> AEDPA's one-year limitations period is not a jurisdictional bar and is subject to equitable tolling in certain instances. *See Holland v. Florida,* —— U.S. ——, 130 S.Ct. 2549, 2560, 177 L.Ed.2d 130 (2010). However, a petitioner is " 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland,* 130 S.Ct. at 2562 (quoting *Pace v. DiGuglielmo,* 544 U.S. 408, 418, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005)); *see also Robertson v. Simpson,* 624 F.3d 781, 783–84 (6th Cir. 2010) (quoting *Holland,* 130 S.Ct. at 2560–62). We have indicated that equitable tolling should be applied "sparingly," *Solomon v. United States,* 467

3

> F.3d 928, 933 (6th Cir. 2006), and decided on a "case-by-case basis," *Keenan v. Bagley*, 400 F.3d 417, 421 (6th Cir. 2005). Further, although "the party asserting statute of limitations as an affirmative defense has the burden of demonstrating that the statute has run," the petitioner bears the ultimate burden of persuading the court that he or she is entitled to equitable tolling. *Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002).

*Ata v. Scutt*, 662 F.3d 736, 741 (6th Cir. 2011). Petitioner alleges that his attorney failed to notify him that the Supreme Court had denied his petition for certiorari, thus constituting ineffective assistance, (Doc. 82 at 2). In effect, petitioner is claiming that his attorney's cited failing constitutes an extraordinary circumstance and tolls the statute.

At the outset, petitioner has attached a letter, dated August 27, 2008, which his counsel sent to him, telling him that his appeal to the Sixth Circuit has been denied and asking him to contact counsel about filing a petition for a writ of certiorari. This letter concerns the *filing* of the certiorari petition, not the subsequent *denial* of the petition. The letter is irrelevant to the equitable tolling issue raised here.

What is relevant are the two showings which *Holland* assigns to a petitioner to make, the first of which is a demonstration that he has been diligent in the timely pursuit of his constitutional claims. The diligence to be exhibited is only "reasonable diligence," not "maximum feasible diligence." *Holland*, 130 S. Ct. at 2565.

Apparently, to show diligence, petitioner maintains that "[t]he efforts of the movant to contact counsel in regards to the disposition of the writ of certiorari were unsuccessful," (Doc. 82 at 4). Notably, however, petitioner does not describe the nature of his attempts to contact

4

his attorney, whether by phone call, letter, or personal contact by a family member, friend, or other interested party acting on his behalf. And petitioner does not say when those fruitless attempts were made. Nor has petitioner asserted the date on which he was notified or on which he discovered that his petition for certiorari had been denied, much less has he furnished details of any efforts he made to file his motion to vacate after that date of notice or discovery.

Significantly, in *Holland*, the petitioner exhibited diligence by filing his *pro se* habeas petition the day he discovered that his AEDPA clock had expired. *Id.* at 2565. Here, where there is nothing to indicate the date on which petitioner learned that the Supreme Court had rejected his certiorari petition; no indication that he wrote letters to his counsel or attempted to monitor his petition; and no description as to the actions petitioner took to file a motion to vacate within the time constraints established in § 2255(f), he has not borne his burden of showing that he was reasonably diligent in pursuing his rights in a timely fashion. *See Winkfield v. Bagley*, 66 Fed. Appx. 578, 583-584 (6th Cir. May 28, 2003) (reliance on counsel does not toll the statute of limitations where the petitioner "has 'failed in his duty to monitor the status of his appeal'") (quoting *Brown v. United States*, 20 Fed. Appx. 373, 375 (6th Cir. Sept. 21, 2001)).

The second showing petitioner must make is that an extraordinary circumstance prevented him from a prompt filing of his § 2255 motion. Typically, an "attorney is the prisoner's agent" and the rules of agency law impose on the principle any risk of the agent's negligent conduct; therefore, an attorney who misses a filing deadline binds his client to that

5

oversight. *Maples v. Thomas*, 132 S.Ct. 912, 922 (2012) (citing *Coleman v. Thompson*, 501 U.S 722, 753-54 (1991)). Thus, a lawyer's failure to research the governing limitations statute which leads to the untimely filing of a petition, is "a garden variety claim of excusable neglect," which does not warrant equitable tolling. *Holland*, 130 S. Ct. at 2564; *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990).

Even so, an attorney's unprofessional conduct can be so egregious as to give rise to an equitable claim sufficiently compelling that it will keep the courthouse doors open to an untimely petition. *Holland*, 130 S. Ct. at 2562. In other words, sufficiently egregious attorney actions or omissions may create an extraordinary circumstance. *Id.* at 2562. There, the Supreme Court illustrated the type of attorney behavior which might constitute such a circumstance. There, counsel failed to file a timely § 2254 petition, despite letters from the petitioner emphasizing the critical nature of a timely filing; failed to ascertain the proper filing date, even though petitioner's letters identified the pertinent legal rules; failed to inform petitioner of the highest state court's denial of further review, in spite of petitioner's numerous letters asking for that information; and failed to communicate with his client for a number of years, though petitioner pled for a response to his letters. *Id.* at 2564. Moreover, counsel's failings seriously prejudiced the petitioner, as those shortcomings caused him to "los[e] what was likely his single opportunity for federal habeas review of the lawfulness of his death sentence." *Id.* at 2564.

6

In this case, counsel's alleged failing does not approach the grievous failings of the attorney in *Holland*. Here, the failure to inform petitioner that the Supreme Court had denied issuance of a writ of certiorari was the kind of garden variety excusable neglect which binds petitioner to his counsel's oversight. Such conduct does not constitute an extraordinary circumstance and does not call for equitable tolling. *See, e.g., McDermott v. United States*, Case Nos. 3:04-cr-30, 3:10-cv-285 (E.D. Tenn. June 10, 2013) (Doc. 62) ("Counsel's failure to timely inform petitioner that the petition for writ of certiorari had been denied was not an extraordinary circumstance that prevented his timely filing a § 2255 motion."); *LaCava v. Kyler*, 398 F.3d 271, 276 (3rd Cir. 2005) (An attorney's error in failing to timely notify petitioner that state court had denied his petition for review was not an extraordinary circumstance adequate to justify equitable tolling.); *Cruz v. Small*, 44 Fed.Appx. 792, 793-794, 2002 WL 1881086, *1 (9th Cir. Aug. 15, 2001), ("Counsel's failure to inform [petitioner] of the denial of his petition for review is not enough to warrant equitable tolling.").

In sum, nothing which is alleged by petitioner in his motion or which is apparent on the face of the record satisfies the diligence or extraordinary-circumstance factors, such that equitable tolling would be warranted in this case.

### III. CONCLUSION

Accordingly, this motion to vacate, set aside or correct a sentence pursuant to 28 U.S.C. § 2255 will be **DENIED** and this case **DISMISSED**. Under 28 U.S.C. § 2253(c)(2), the Court must now decide whether to grant petitioner a certificate of appealability. A certificate should

issue if petitioner makes a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

When a district court denies a habeas petition on a procedural basis without reaching the underlying claim, as has been done here, a COA should only issue if "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). If there is a plain procedural bar and the district court is correct to invoke it to resolve the case, and a reasonable jurist could not find that either that the dismissal was error or that the petitioner should be allowed to proceed further, a COA should not issue. *Id.*

This motion is being dismissed on a procedural ground — as barred by § 2255(f)'s statute of limitations. The Court now concludes that reasonable jurists could not find that the dismissal of this § 2255 motion is debatable or wrong. Therefore, a certificate of appealability shall not issue.

A separate order will enter.

**ENTER:**

_____
LEON JORDAN
UNITED STATES DISTRICT JUDGE