KEITHAN HUNTER,              )
                                 )
        Petitioner,        )
                                 )
v.                              )     Nos.     3:06-CR-64-RLJ-CCS-1
                               )                 3:16-CV-396-RLJ
UNITED STATES OF AMERICA,  )
                                 )
        Respondent.     )

## MEMORANDUM OPINION

Before the Court is Petitioner's pro se successive motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 [Docs. 107, 109, 112].[1]  The United States responded in opposition on August 12, 2016 [Doc. 116]; Petitioner replied in turn [Doc. 117].  During pendency of the petition, Petitioner filed two motions requesting this Court stay resolution of the action pending Sixth Circuit authorization to consider the merits of the successive petition [Docs. 108, 111].  For the reasons below, Petitioner's requests for issuance of a stay will be **DENIED as moot** and § 2255 motion will be **DENIED** and **DISMISSED WITH PREJUDICE**.

## I.     BACKGROUND

In 2007, Petitioner pled guilty to aiding and abetting counterfeiting, in violation of 18 U.S.C. §§ 472 and 2; two counts of possessing with intent to distribute at least five grams of crack cocaine, in violation of 21 U.S.C. § 841(a)(1); possessing a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c); and possessing a firearm as a convicted felon, in violation of 18 U.S.C. § 922(g) [Doc. 60].  Based on two prior Florida convictions for

---

[1]     While the motions differ in format, they are substantively identical.  As such, all three motions will be treated as a single request for collateral relief filed on the date of the first submitted.

strong armed robbery, the United States Probation Office deemed Petitioner to be a career offender under Section 4B1.1 of the United States Sentencing Guidelines [Presentence Investigation Report (PSR) ¶¶ 56, 57, 63, 65]; this Court agreed and sentenced Petitioner to 262 months' imprisonment [Doc. 60].

Petitioner appealed, but the Sixth Circuit affirmed his conviction and sentence on August 25, 2008 [Doc. 68]. No writ of certiorari was sought and, as a result, Petitioner's conviction became final for purposes of § 2255(f)(1) on November 24, 2008, at expiration of time to file the same. *See Clay v. United States*, 537 U.S. 522, 525 (2003) (explaining that a conviction affirmed on appeal becomes final when the period for seeking a writ of certiorari expires); U.S. Sup. Ct. R. 13(3) (providing ninety-day period for requesting a writ of certiorari, running from the date of the Court of Appeal decision).

On August 12, 2010, Petitioner filed a collateral challenge requesting vacatur of his conviction and sentence [Doc. 84]. This Court denied and dismissed that motion with prejudice on September 5, 2013 [Docs. 101, 102]. The United States Supreme Court decided *Johnson v. United States*—invalidating the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)—on June 26, 2015. 135 S. Ct. 2551 (2015). Petitioner filed the instant successive petition for collateral relief less than one year later [Docs. 107, 109, 112 (challenging his career offender enhancement and § 924(c) conviction in light of the *Johnson* decision)]. This Court received authorization to consider the successive petition on June 24, 2016 [Doc. 106].

## II.    REQUESTS FOR ISSUANCE OF A STAY

In addition to Petitioner's requests for collateral relief, this Court is also in possession of two requests that it stay resolution of the instant matter pending Sixth Circuit authorization to

2

consider the merits of the successive collateral challenge [Docs. 108, 111]. Both were rendered

moot when the Sixth Circuit granted leave under § 2255(h) and will be **DENIED** accordingly.

## III.     TIMELINESS OF PETITIONER'S CLAIMS

Section 2255(f) places a one-year statute of limitations on all petitions for collateral relief

under § 2255 running from either: (1) the date on which the judgment of conviction becomes

final; (2) the date on which the impediment to making a motion created by governmental action

in violation of the Constitution or laws of the United States is removed, if the movant was

prevented from making a motion by such governmental action; (3) the date on which the right

asserted was initially recognized by the Supreme Court, if that right has been newly recognized

by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the

date on which the facts supporting the claim or claims presented could have been discovered

through the exercise of due diligence. 28 U.S.C. § 2255(f). Supreme Court precedent makes

clear that *Johnson*'s invalidation of the ACCA residual clause amounted to a new rule made

retroactively applicable on collateral review. *See Welch v. United States*, 136 S. Ct. 1257, 1265

(U.S. 2016) ("*Johnson* is . . . a substantive decision and so has retroactive effect . . . in cases on

collateral review."); *In re Windy Watkins*, 810 F.3d 375, 380–81 (6th Cir. 2015) (finding

*Johnson* constitutes a new substantive rule of constitutional law made retroactively applicable on

collateral review and thus triggers § 2255(h)(2)'s requirement for certification of a second or

successive petition). It is yet to be seen whether the same is true of the "new rule" that results

from application of *Johnson*'s reasoning in the Guideline context. *See Pawlak v. United States*,

822 F.3d 902, 911 (6th Cir. 2016) (holding that *Johnson*'s vagueness analysis applies equally to

the Guidelines and, as a result, that the parallel residual provision contained in Section 4B1.2

was void for vagueness); *but see In re Embry*, No. 16-5447, 2016 WL 4056056, at *1 (6th Cir.

3

July 29, 2016) (recognizing that "it is not clear whether to treat *Pawlak* as a new rule that the Supreme Court has not yet made retroactive [to cases on collateral review] or as a rule dictated by *Johnson* that the Supreme Court has made retroactive"). The Court finds that it need not resolve the issue here, however, because the *Johnson* decision has no impact on Petitioner's case.

## IV.  STANDARD OF REVIEW

The relief authorized by 28 U.S.C. § 2255 "does not encompass all claimed errors in conviction and sentencing." *United States v. Addonizio*, 442 U.S. 178, 185 (1979). Rather, a petitioner must demonstrate "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law . . . so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (quoting *Mallett v. United States*, 334 F.3d 491, 496–97 (6th Cir. 2003)). He "must clear a significantly higher hurdle than would exist on direct appeal" and establish a "fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Fair v. United States*, 157 F.3d 427, 430 (6th Cir. 1998).

## V.  ANALYSIS

Petitioner asserts two grounds for collateral relief: the first seeks vacatur of his aggregate sentence because the *Johnson* decision removed his Florida robbery convictions from the definition of "crime of violence" in Section 4B1.2(a), meaning Petitioner no longer qualifies as a career offender (Ground One); the second requests vacatur of Petitioner's § 924(c) conviction because the *Johnson* decision invalidated the similarly-worded residual provision contained in the definition of "crime of violence" in § 924(c)(3)(B) (Ground Two).

4

**A.      Ground One: Propriety of Career Offender Designation**

The ACCA mandates a fifteen-year sentence for any felon who unlawfully possesses a firearm after having sustained three prior convictions "for a violent felony or a serious drug offense, or both, committed on occasions different from one another." 18 U.S.C. § 924(e)(1). The statute defines "violent felony" as  "any crime punishable by imprisonment for a term exceeding one year" that (1) "has as an element the use, attempted use, or threatened use of physical force against the person of another" (the "use-of-physical-force clause"); (2) "is burglary, arson, or extortion, involves the use of explosives" (the "enumerated-offense clause"); or (3) "otherwise involves conduct that presents a serious potential risk of physical injury to another" (the "residual clause"). 18 U.S.C. § 924(e)(2)(B). It was this third clause—the residual clause—that the Supreme Court deemed unconstitutional in *Johnson*. 135 S. Ct. at 2563. The Court went on to make clear, however, that its decision did "not call into question . . . the remainder of the [ACCA's] definition of violent felony," i.e., the use-of-physical-force and enumerated-offense clauses. *Id.* Nor did *Johnson* disturb the use of prior serious drug offenses.

Section 4B1.1 classifies a defendant as a career offender if (1) he or she was at least eighteen years old at the time the defendant committed the instant offense; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) he or she has at least two prior felony convictions of either a crime of violence or a controlled substance offense. U.S. Sentencing Manual § 4B1.1(a). Only satisfaction of the third prong— possession of two qualifying predicate convictions—is disputed [Docs. 107, 109, 112].

"Controlled substance offense" is defined as any offense "punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance . . . or the possession of controlled substance . . . with intent

5

to manufacture, import, export, distribute, or dispense." U.S. Sentencing Manual § 4B1.2(b). "Crime of violence" is defined in an almost identical manner as "violent felony" under the ACCA. *See* U.S. Sentencing Manual §4B1.2(a) (adopting identical use-of-force and residual clauses as well as a nearly identical enumerated-offense clause).

The validity of Petitioner's sentence thus depends on whether two or more of his prior convictions qualify as "crimes of violence" under one of the unaffected provisions of Section 4B1.2(a) or as "controlled substance offenses" under Section 4B1.2(b). *See e.g.*, *United States v. Ozier*, 796 F.3d 597, 604 (6th Cir. 2015) (explaining courts need not decide what import, if any, *Johnson* has on the Sentencing Guidelines' residual clause where the petitioner's prior convictions qualify as predicate offenses independent of the residual clause), *overruled on other grounds by Mathis v. United States*, 136 S. Ct. 2243, 2251 n. 1 (2016). To determine whether an offense qualifies under one of the above provisions, courts must first identify the precise crime of conviction by employing a "categorical approach," looking "only to the statutory definitions— elements—of a prior offense, and not to the particular facts underlying [each individual] conviction[]." *Descamps v. United States*, 133 S. Ct. 2276, 2283, 2285 (2013).

Review of Petitioner's PSR reveals that a sufficient number of his prior convictions categorically qualify as predicate offenses independent of the residual clause and, as a result, the Court finds that he has failed to demonstrate an entitlement to collateral relief.

Both of Petitioner's Florida strong arm robbery convictions remain crimes of violence under the Guidelines use-of-physical-force clause. At the time of the convictions, Florida had two robbery statutes—one criminalizing strong arm and armed robbery, Fla. Stat. § 812.13, and one criminalizing "robbery by sudden snatching," Fla. Stat. § 812.131. The latter offense constituted the "less-serious counterpart" to the former. *United States v. Lockley*, 632 F.3d 1238,

1246 n. 7 (11th Cir. 2011). Reference to Petitioner's state-court judgments indicates that both convictions involved second-degree robbery, a violation of the more-serious robbery statute [Doc. 116-1].[2] That provision prohibited "the taking of money or other property which may be the subject of larceny from the person or custody of another, with intent to enter permanently or temporarily deprive the person or the owner of the money or other property, when in the course of the taking there is the use of force, violence, assault, or putting in fear," Fla. Stat. § 812.13(1), and defined the second-degree variant of that offense as one accomplished without carrying a "firearm, deadly weapon, or other weapon," Fla. Stat. § 812.13(2)(c).[3] Because "violence or putting the person in fear" necessarily implies at least the threatened use of violent physical force, *see Magnotti v. State*, 842 So. 2d 963, 965 (Fla. 4th Dist. App. 2003) ("[T]he fear contemplated by the statute is the fear of death or great bodily harm."), all violations of § 812.13(1)—regardless of whether it be in the first or second-degree—categorically qualify as crimes of violence under the use-of-physical-force clause, *see, e.g., Lockley*, 632 F.3d at 1245 (holding that Florida robbery qualifies as a crime of violence under the Guidelines use-of-physical-force clause); *accord United States v. McBride*, 826 F.3d 293, 296 (6th Cir. 2016) (finding that federal bank robbery, which can be committed "by force and violence, or by

---

[2]      To the extent that Petitioner attempts to claim that he was in fact convicted of the less-serious "robbery by snatching" offense, that argument fails as a matter of law because his state-court judgments reflect convictions under § 812.13, an offense that by definition requires "more force than a sudden snatching." *United States v. Jenkins*, No. 15-14809, 2016 WL 3101281, at *5–6 (11th Cir. June 2, 2016) (citing *Robinson v. State*, 692 So.2d 883 (Fla. 1997).

[3]      Petitioner's 1993 offense was initially charged as armed robbery, i.e., first-degree robbery under § 812.13(2)(a), before Petitioner was allowed to plead guilty to the lesser-included second-degree variant of strong armed robbery under § 812.13(2)(c). *See United States v. Jackson*, No. 2:14-cr-48, 2015 WL 128129, at *1 (E.D. Tenn. Jan. 8, 2015) (explaining that the use of a weapon distinguishes between the first and second-degree variants of § 812.13(1)).

7

intimidation," involves the use, attempted use, or threatened use of physical force and thus categorically qualifies as a crime of violence after the *Johnson* decision).

**B.      Ground Two: Validity of Petitioner's § 924(c) Conviction**

To the extent Petitioner argues that the *Johnson* decision invalidated the residual clause in § 924(c)(3)(B)'s definition of crime of violence and that the absence of that provision requires vacatur of his conviction under § 924(c)(1)(A), the argument fails for two reasons.

First, binding Sixth Circuit precedent holds that while the *Johnson* decision invalidated the residual provision of the ACCA and identically worded clause in Section 4B1.2, § 924(c)(3)(B)'s definition of crime of violence remains unaffected. *See United States v. Pawlak*, 822 F.3d 902, 911 (6th Cir. 2016) (concluding "rationale of *Johnson* applies equally" to the Guidelines' definition of crime of violence); *United States v. Taylor*, 814 F.3d 340, 376–79 (6th Cir. 2016) (recognizing at least four "significant differences" between the residual clause in § 924(c)(3)(B) and the ACCA's residual clause and noting "the argument that *Johnson* effectively invalidated [the former] is . . . without merit").

Second, even if *Johnson*'s reasoning could be used to invalidate § 924(c)(3)(B)'s residual clause, Petitioner's conviction under § 924(c)(1)(A) did not rely on that provision. To the contrary, Petitioner was convicted of possessing a firearm in furtherance of a drug trafficking crime, not crime of violence [Doc. 60]. The statute defines "drug trafficking crime" as "any felony punishable under the Controlled Substances Act, 21 U.S.C. §§ 801, et seq., [or] the Controlled Substances Import and Export Act, 21 U.S.C. §§ 951, et seq." 18 U.S.C. § 924(c)(2). *Johnson* has no bearing whatsoever on the scope of that definition. *Accord United States v. Jenkins*, 613 F. App'x 754, 755 (10th Cir. 2015) (deeming *Johnson* irrelevant to drug offenses). As such, Petitioner has failed identify a viable basis for vacating his § 924(c) conviction.

8

## VI.    CONCLUSION

For the reasons discussed above, Petitioner's requests for a stay [Docs. 108, 111] will be **DENIED as moot** and § 2255 motion [Docs. 107, 109, 112] will be **DENIED** and **DISMISSED WITH PREJUDICE**. The Court will **CERTIFY** any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, this Court will **DENY** Petitioner leave to proceed *in forma pauperis* on appeal. *See* Rule 24 of the Federal Rules of Appellate Procedure. Petitioner having failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability **SHALL NOT ISSUE**. 28 U.S.C. § 2253; Rule 22(b) of the Federal Rules of Appellate Procedure.

**IT IS SO ORDERED.**

ENTER:

_____
s/ Leon Jordan
United States District Judge

9