UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No.: 3:06-CR-064 |
| | ) | |
| KEITHAN HUNTER | ) | |

## **MEMORANDUM AND ORDER**

This criminal case is before the Court on the defendant's renewed *pro se* motion for sentence reduction. [Doc. 127]. Relying on *Hughes v. United States*, 138 S. Ct. 1765 (2018), the defendant again asks the Court to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) and in accordance with Amendments 706, 750, and 782 to the United States Sentencing Commission Guidelines Manual.

District courts have discretion under 18 U.S.C. § 3582(c)(2) to reduce the sentence of a defendant "who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." In its 2016 ruling denying the defendant's most recent § 3582(c)(2) motion, this Court explained that the defendant is not entitled to § 3582(c)(2) relief because he was sentenced under the career offender guideline.

*Hughes* provides no help to the present defendant. In that case, the Supreme Court ruled that Hughes was not categorically ineligible for § 3582(c)(2) relief merely because he had entered into a Rule 11(c)(1)(C) plea agreement. The present defendant, unlike Hughes, did *not* sign a Rule 11(c)(1)(C) plea agreement. [Doc. 49, p.3]. *Hughes*, therefore, is inapplicable in this case.

For that reason, and as explained in the Court's denial of the defendant's last § 3582(c)(2) motion [doc. 104], the present motion [doc. 127] is **DENIED**.

**IT IS SO ORDERED.**

ENTER:

s/ Leon Jordan
United States District Judge