UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No.   3:06-CR-064 |
| | ) | |
| KEITHAN HUNTER | ) | |

## **MEMORANDUM AND ORDER**

This criminal case is before the Court on the defendant's August 16, 2019 motion for sentence reduction. [Doc. 129]. Through counsel, the defendant asks the Court to reduce his sentence pursuant to Section 404 of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, which retroactively applies certain provisions of the Fair Sentencing Act of 2010, Pub. L. 111-220, 124 Stat. 2372.

The United States has responded to the motion, ultimately deferring to the Court's discretion whether and to what extent to grant relief. [Doc. 131]. For the reasons that follow, the defendant's motion will be granted.

## I.    Defendant's Eligibility for First Step Act Relief.

"Federal courts are forbidden, as a general matter, to modify a term of imprisonment once it has been imposed, but the rule of finality is subject to a few narrow exceptions." *Freeman v. United States*, 564 U.S. 522, 526 (2011) (internal citation and quotation marks omitted). One of those narrow exceptions is 18 U.S.C. § 3582(c)(1)(B), which provides that "the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute . . . ." The First Step Act, which was enacted on December 21, 2018, is one such statute.

Section 404(b) of the First Step Act instructs that the "court that imposed a sentence for a covered offense may, on motion of the defendant . . . , impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed." A covered offense is "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 . . . , that was committed before August 3, 2010." First Step Act, § 404(a).[1]

The defendant pled guilty to five counts of an eight-count Indictment (Counts One, Two, Six, Seven, and Eight). Count One charged aiding and abetting the crime of counterfeiting, in violation of 18 U.S.C. §§ 472 and 2. Counts Two and Six each charged the defendant with possessing five grams or more of a mixture and substance containing a detectable amount of cocaine base with the intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B). Count Seven charged possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A). Count Eight charged the defendant with being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g)(1).

As to Counts Two and Six, prior to the Fair Sentencing Act, 21 U.S.C. § 841 (as applied to the present defendant) mandated a sentence of 5 to 40 years' imprisonment for violations of section 841(a)(1) involving 5 grams or more of cocaine base. *See* 21 U.S.C.

---

[1] Section 404(c) of the First Step Act imposes additional limitations, none of which apply in this case.

§ 841(b)(1)(B)(iii) (2009). For 841(a)(1) violations involving less than 5 grams of cocaine base, the statutory imprisonment range was zero to 20 years. *See id.* § 841(b)(1)(C). Since the enactment of the Fair Sentencing Act, the 841(b)(1)(B)(iii) penalties now apply (as to cocaine base) only to offenses involving 28 grams or more, and the 841(b)(1)(C) penalties apply to cocaine base offenses involving less than that amount. *See* 21 U.S.C. § 841(b) (2018); *Dorsey v. United States*, 567 U.S. 260, 269 (2012).

As noted, the First Step Act defines a "covered offense" as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 . . . ," First Step Act, § 404(a). This Court agrees that

> eligibility under the language of the First Step Act turns on a simple, categorical question: namely, whether a defendant's offense of conviction was a crack cocaine offense affected by the Fair Sentencing Act. If so, the defendant is categorically eligible for consideration regardless of actual quantities. The particular quantities affect only the Court's discretionary call on whether to grant a reduction in sentence.
>
> . . .
>
> . . . This is a categorial decision based on the type of prior conviction, not any particular quantity determination. The Court then determines whether to exercise its discretion to reduce the defendant's sentence.

*United States v. Boulding*, 379 F. Supp. 3d 646, 651, 654 (W.D. Mich. 2019).

The instant defendant pled guilty on Counts Two and Six to possessing with the intent to distribute five grams or more of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B). Section 2 of the Fair Sentencing Act of 2010 modified the statutory penalties for that federal criminal statute. *See* Fair Sentencing Act, 124 Stat. 2372. The defendant committed his crimes in 2004 and 2006. [Presentence Investigation

3

Report ("PSR"), ¶¶ 19-20]. Thus, he was sentenced for "a covered offense" and is eligible for First Step Act relief.

## II. Factual Background

By judgment entered March 30, 2007, the Honorable James H. Jarvis imposed a net imprisonment term of 262 months to be followed by a net term of 5 years' supervised release. That sentence consisted of 202 months on each of Counts One, Two, and Six, 120 months on Count Eight (with all of those terms to be served concurrently with one another), and 60 months on Count Seven to be served consecutively to the other counts.

The defendant's guideline range was 262 to 327 months, based on the Career Offender guideline range for his 924(c) offense. *See* U.S.S.G. § 4B1.1(c)(2) (Explaining that the instant defendant's guideline range would be his § 924(c) Career Offender range because that range was higher than the sum of his § 841 Career Offender range and his 60-month § 924(c) mandatory minimum). According to the Bureau of Prisons, the defendant is presently scheduled for release on December 29, 2024.

## III. Analysis

The defendant's motion is authorized by the First Step Act because he was sentenced for "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 . . . , that was committed before August 3, 2010." First Step Act, § 404(a). Specifically, the defendant's statutory term of imprisonment for Counts Two and Six was reduced by section 2 of the Fair Sentencing Act *from* a mandatory 5 to 40 years *to* a range of zero to 20 years.

4

However, the defendant's guideline range remains the same. As noted by the parties [doc. 129, p.7; doc. 131, p.5], the defendant remains subject to the § 924(c) Career Offender range of 262 to 327 months. *See* U.S.S.G. § 4B1.1(c)(2).

The defendant correctly argues that the Court can nonetheless exercise its discretion to impose a reduced sentence based on post-offense rehabilitation, *see, e.g., Pepper v. United States*, 562 U.S. 476, 490 (2011), and the United States concedes that point. [Doc. 131, p.5]. The Court has therefore considered the filings in this case, along with the relevant 3553(a) factors. The Court has also reviewed the defendant's Bureau of Prisons SENTRY Report and has familiarized itself with the defendant's PSR. Having done so, the Court will grant the defendant's motion.[2]

The defendant's PSR is alarming, but it appears by all accounts that he has thoroughly transformed himself while in Bureau of Prisons custody. During his almost thirteen years of post-sentencing incarceration, he has incurred zero disciplinary sanctions. His security classification is "minimum." He has completed meaningful rehabilitative programming including anger management and victim impact classes, along with a 4,000-hour machinery apprenticeship. The Court could not be more pleased.

## IV. Conclusion

For the reasons provided herein, the defendant's motion for sentence reduction [doc. 129] is **GRANTED**. The defendant's net term of imprisonment is reduced to **214 months**.

---

[2] The defendant's request for a plenary resentencing hearing will, however, be denied. The First Step Act does not expressly require such a proceeding, and the Court does not find one necessary in this case. *See United States v. Alexander*, ___ F.3d ___, No. 19-1522, 2019 WL 8135307, at *2-3 (6th Cir. Oct. 18, 2019).

This term consists of **reduced terms of 154 months as to Counts One, Two, and Six**, 120 months as to Count Eight (with all of these terms to be served concurrently with one another), and 60 months as to Count Seven to be served consecutively to the other counts, **for a total effective sentence of 214 months**.

Further, while on supervised release, the defendant shall be subject to the following additional special condition of supervision:

> The defendant shall submit his person, property, house, residence, vehicle, papers, computers [as defined in 18 U.S.C. § 1030(e)(1)], other electronic communications or data storage devices or media, or office, to a search conducted by a United States Probation Officer or designee. Failure to submit to a search may be grounds for revocation of release. The defendant shall warn any other occupants that the premises may be subject to searches pursuant to this condition. An officer may conduct a search pursuant to this condition only when reasonable suspicion exists that the defendant has violated a condition of his supervision and that the areas to be searched contain evidence of this violation. Any search must be conducted at a reasonable time and in a reasonable manner.

Except as provided herein, all provisions of the judgment entered March 30, 2007, shall remain in effect.

**IT IS SO ORDERED.**

ENTER:

s/ Leon Jordan
United States District Judge